230 P.3d 911 (2009)
2010 OK CIV APP 5
In the Matter of S.F., C.G., and M.G., Alleged Deprived Children.
State of Oklahoma, Petitioner,
v.
Samuel Givens and Donna Givens, Respondents, and
Michael Wood, Respondent/Appellant, and
Muscogee (Creek) Nation, Intervenor/Appellee.
No. 106,601. Released for Publication by Order of the Court of Civil Appeals of Oklahoma, Division No. 1.
Court of Civil Appeals of Oklahoma, Division No. 1.
December 4, 2009.
*912 Aaron T. Corbett, Corbett Law Firm, PLLC, Oklahoma City, OK, for Respondent/Appellant.
Shanna Burgin, Assistant Attorney General, Muscogee (Creek) Nation, Okmulgee, OK, for Intervenor/Appellee.
KENNETH L. BUETTNER, Judge.
¶ 1 Respondent/Appellant Michael Wood, natural father of S.F., appeals from the trial court's denial of his motion to reconsider the trial court's order transferring jurisdiction of this case to the Muscogee (Creek) Nation Tribal Court. The Indian Child Welfare Act (ICWA) provides that either parent may object to a request to transfer a proceeding to tribal court. The trial court transferred this deprived action to tribal court at the request of the natural parents of S.F.'s half siblings. The trial court erred in directing the transfer of the case as to S.F. over Wood's objection. We therefore reverse and remand for further proceedings.
¶ 2 In its Juvenile Petition, filed September 17, 2008, the State alleged that S.F., C.G., and M.G. were deprived as a result of domestic violence in the home of Respondents Donna Givens (Mother) and Samuel Givens (Step-Father) while the children were in their custody. The petition named Wood as the natural father of S.F. At a hearing held October 7, 2008, Mother and Step-Father stipulated that the children were deprived.[1] *913 The parties indicated Step-Father and Mother had begun divorce proceedings in tribal court, and counsel for Mother stated her intent to file "a motion that this case be removed to tribal court for final disposition." The trial court indicated it was willing to transfer the case.
¶ 3 Step-Father filed a Petition to Transfer Jurisdiction of this Proceeding to the Muscogee (Creek) Nation November 5, 2008.[2] Hearing was held the same day. At the hearing, Wood objected to the transfer as to S.F. Counsel for Mother asserted that Mother "joins in the petition to transfer it to tribal court and [S.F.] is, the child is eligible for enrollment through ... the natural mother." The trial court found federal law required it to transfer the case, and entered an order transferring the case to the tribal court the same day.
¶ 4 Wood filed his Motion for Reconsideration November 19, 2008. Wood asserted that he is a parent as defined by ICWA and he had objected to the transfer of the case. Wood asserted that 25 U.S.C. § 1911(b) provides that a state court may transfer a deprived case "absent the objection of either parent." Wood urged the court to limit the transfer to C.G. and M.G. only.
¶ 5 Hearing on the Motion for Reconsideration was held December 1, 2008. The trial court entered its order denying the motion December 18, 2008. Wood timely filed his Petition in Error.
¶ 6 We first address the Tribe's claim that once the court transferred the case to tribal court, the state courts lost jurisdiction, so that this appeal must be dismissed. The Tribe raised a similar argument in an earlier motion to dismiss this appeal, which the Oklahoma Supreme Court denied in an order filed April 1, 2009. The order on appeal meets the statutory definition of a final, appealable order. 12 O.S.2001 § 953. We are not persuaded that Wood's failure to request a stay of the transfer pending appeal is fatal to this court's jurisdiction.[3] See Matter of J.B., 1995 OK CIV APP 91, 900 P.2d 1014, where the Oklahoma Court of Civil Appeals reversed and remanded an order transferring a deprived proceeding to tribal court without a stay issued in the trial court. Rather, denying Wood a right to appeal the transfer order would be a fundamental denial of due process. Wells v. Shriver, 1921 OK 122, 81 Okla. 108, 197 P. 460, 478. The transfer order cannot be final until an appellate decision is final, or the time to appeal has expired.[4]
¶ 7 The applicable provision of ICWA is 25 U.S.C. § 1911(b), which provides:
In any State court proceeding for the foster care placement of, or termination of parental rights to, an Indian child not domiciled or residing within the reservation of the Indian child's tribe, the court, in the absence of good cause to the contrary, shall transfer such proceeding to the jurisdiction of the tribe, absent objection by either parent, upon the petition of either parent or the Indian custodian or the Indian child's tribe: Provided, That such *914 transfer shall be subject to declination by the tribal court of such tribe.
(Emphasis added). Wood contends that the statutory language plainly allows either parent to object. The tribe responds that the trial court must consider whether there is good cause to deny the transfer.
¶ 8 Only Step-Father, who is not a parent of S.F., filed the petition to transfer the case. Mother announced in court that she joined in Step-Father's petition. Even if we assume Mother's request to join Step-Father's petition amounted to a petition to transfer by a parent of S.F., we nevertheless conclude the plain language of the statute requires us to hold that the trial court did not have authority to transfer the proceeding as it applied to S.F.
¶ 9 The right of either parent to object is absolute and such objection serves as a veto over transfer of the case to tribal court. 42 CJS, Indians, § 161. See also, cases cited in State in Interest of D.A.C., 933 P.2d 993 (Utah App.1997), where the Utah Court of Appeals noted that the majority view is that a trial court errs when it rejects a parent's objection to transferring a case to tribal court under § 1911(b). In a case addressing the applicability of § 1911(a), the Supreme Court has noted there are three distinct and equally viable avenues for jurisdiction of an ICWA case to remain in state court under § 1911(b):
Section 1911(b), on the other hand, creates concurrent but presumptively tribal jurisdiction in the case of children not domiciled on the reservation: on petition of either parent or the tribe, state-court proceedings for foster care placement or termination of parental rights are to be transferred to the tribal court, except in cases of "good cause," objection by either parent, or declination of jurisdiction by the tribal court.
Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 109 S.Ct. 1597, 1601-1602, 104 L.Ed.2d 29 (1989). The Tribe's argument that the statute requires the parent to show good cause for his objection to the transfer is not supported by the one published case cited by the Tribe. We must interpret § 1911(b) to make every word and sentence operative. Matter of J.B., supra, 900 P.2d at 1016. The interpretation suggested by the Tribe would require us to ignore the plain language of the statute.
¶ 10 The trial court abused its discretion in denying Wood's motion to reconsider. As a parent of S.F., Wood had an absolute right to object to the transfer of the deprived proceedings to tribal court.[5] Accordingly, the trial court's decision is REVERSED AND REMANDED for further proceedings consistent with this decision.
BELL, P.J., and HETHERINGTON, J., concur.
NOTES
[1] Counsel for Wood indicated that Wood was returning from military service in Iraq, but his wife had visited with S.F., and Wood hoped to get visitation and establish a relationship with S.F. Counsel indicated Wood is not a tribal member, but S.F. is. Counsel for Wood also indicated he would stipulate to the petition. The trial court set the case for a disposition hearing.
[2] In his Petition, Givens asserted he was the father of C.G. and M.G., but he sought to have the entire matter transferred to the tribal court. Givens noted the Muscogee (Creek) Nation's motion to intervene had been granted October 7, 2008. 25 U.S.C.A. § 1911(c) provides for intervention by the tribe:

In any State court proceeding for the foster care placement of, or termination of parental rights to, an Indian child, the Indian custodian of the child and the Indian child's tribe shall have a right to intervene at any point in the proceeding.
[3] The Tribe claims that Wood should have requested relief under the Servicemembers Civil Relief Act, 50 U.S.C. § 501, et seq. While Wood could have done so, his objection through counsel was sufficient under § 1911(b). There is no requirement that a party must personally appear and object.
[4] A trial court's finding on the issue of jurisdiction is subject to direct review. Chicot County Drainage Dist. v. Baxter State Bank, 308 U.S. 371, 376, 60 S.Ct. 317, 319, 84 L.Ed. 329 (1940).
[5] We express no opinion as to whether the trial court can or should transfer separately the proceedings as to C.G. and M.G., or whether good cause would exist to deny the transfer, because that question has not been decided by the trial court.